IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**WILLIAMSON POUNDERS ARCHITECTS, P.C.**                                   **PLAINTIFF**

**V.**                                                           **CASE NO. 2:06CV206**

**TUNICA COUNTY, MISSISSIPPI, ITS BOARD OF
SUPERVISORS AND ITS BOARD MEMBERS,
JAMES DUNN, CEDRIC BURNETT, PAUL BATTLE, III
CURTIS JACKSON, AND BILLY PEGRAM**                                        **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the court on the motion [12] of all defendants to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court has reviewed the briefs and submissions and is prepared to rule.

On May 15, 2001, the Tunica County Board of Supervisors entered into an AIA architectural contract with Williamson Pounders Architects ("WPA") of Memphis, Tennessee to design a project known as the Tunica County River Front Park. On May 25, 2001, WPA entered into an AIA consultant contract with PDR Engineers, Inc., a Tetra Tech Company ("Tetra Tech"). On February 7, 2002, WPA and Tetra Tech met with county representatives. During that meeting, the representative requested changes that resulted in an increase in the scope and complexity of the project and increased the overall budget from $18 million to $24 million. WPA maintains that the county administrator, Kenneth Murphree, agreed to the increase in cost and scope of the project.

On November 25, 2003, Tetra Tech submitted a change order request for additional

services to WPA. In May of 2004, Tetra Tech, WPA, and Tunica County held a meeting regarding the change order request at which WPA contends that Tunica County acknowledged the amount owed and requested more information detailing the change order request. Tunica County denies admitting that further amounts were owed to Tetra Tech or WPA. Tetra Tech mailed Tunica County a letter outlining the increases in the project on June 3, 2004, and on January 12, 2005, WPA sent a letter to Tunica County requesting payment of the change order. The instant suit was filed on December 13, 2006 seeking fees in the amount of $203,195.00.

ANALYSIS

While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1964-65, --- L.Ed. --- (2007)(internal citations omitted). In order to survive a motion to dismiss, the plaintiff, while not required to provide a heightened fact pleading of specifics, must plead enough facts in the complaint to state a claim for relief that is plausible on its face. *Id*. at 1974. . . . [O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969.

The defendants contend that WPA's complaint should be dismissed because the statute of limitations as enunciated in Miss. Code Ann. § 15-1-49 bars all claims asserted by the plaintiff, the plaintiff's quantum meruit claim is barred by Miss. Code Ann. 11-46-11, that WPA failed to obtain a change order form from Tunica County, that there is no privity of contract between Tetra Tech and Tunica County, and that any equitable estoppel claim asserted because WPA/Tetra Tech intentionally concealed this claim from Tunica County, and that the individual board

2

members in their official capacities should be dismissed. WPA first responds by stating that Tennessee law applies pursuant to the terms of the contract entered into by the parties.

Applicable Law

Federal jurisdiction in this matter is premised on diversity of citizenship; therefore, this court is bound to apply the choice of law rules of Mississippi. *Herring Gas Co., Inc. v. Magee*, 813 F. Supp. 1239, 1243 (S.D. Miss. 1993). Mississippi choice of law rules recognize that parties may legitimately control the choice of substantive law in a contract dispute as long as the state whose law is selected bears a reasonable relation to the transaction. *Id*. WPA contends that the choice of law provision in Article 9.1 of the contract with Tunica County should control this cause of action. Article 9.1 states that the agreement "shall be governed by the law of the principal place of business of the architect, unless otherwise provided . . . " Utilizing this provision, Tennessee law is applicable as no party disputes that WPA has its principal place of business in Tennessee. However, Tunica County maintains that no provision of the Tunica/WPA contract is asserted as a basis for recovery in the complaint, that the breach of contract claim is based upon Tetra Tech's contract with WPA, and that it is not a party to the contract between WPA and Tetra Tech.

Tunica County cites *Sentinel Indust. Contracting Corp. v. Kimmins Indust. Serv. Corp.* for the proposition that the choice of law clause should not be enforced in this matter. 743 So. 2d 954 (Miss. 1999). In *Sentinel*, Exxon Chemical Fertilizer Company (Exxon) hired Sentinel/Centre as the general contractor to dismantle its ammonia refinery in Pascagoula, MS for shipment and reassembly in Pakistan. *Id*. at 957. Sentinel/Centre hired Kimmins as its prime subcontractor. *Id*. Kimmins filed suit against multiple parties, including Exxon and

Sentinel/Centre, for damages and costs due from extra work performed outside the scope of its contract with Sentinel/Centre. *Id.* at 958. The prime contract between Exxon and Sentinel Centre contained a choice of law assigning Texas law to govern the interpretation of the contracts and the legal relations between the parties. *Id.* at 959. The subcontract between Kimmins and Sentinel/Centre did not contain a choice of law provision. *Id.* Kimmins attempted to assert that the choice of law provision of the prime contract was incorporated in the subcontract; however, the Mississippi Supreme Court rejected this argument stating that the plain language of the subcontract evidenced an intent to incorporate the prime contract only for purposes of detailing plans and specifications. *Id.* The Court further stated that the choice of Texas law in the prime contract was invalid because it had no reasonable relationship to or significant contacts with the parties or subject matter of the litigation. *Id.*

*Sentinel* is distinguishable from the matter at hand. Tunica County has attempted to reframe this suit as one brought by Tetra Tech. However, WPA, not Tetra Tech, is the named party suing Tunica County. WPA and Tunica County have a contract with a valid choice of law provision. WPA does have contacts with the state of Tennessee, and it is not unreasonable for a party to contractually obligate another to litigate under the laws of its principal place of business. Therefore, this court is obliged to apply Tennessee substantive law. Nonetheless, Mississippi law will apply to procedural matters. *See Ford v. State Farm Ins. Co.*, 625 So.2d 792, 793 (Miss. 1993).

Tunica County asserts that the statute of limitations bars WPA's claims. Miss. Code Ann. § 15-1-49(1) states that "all actions for which no other period of limitation is prescribed shall be commenced within three years after the cause of such action accrued, and not after."

4

WPA filed its complaint on December 13, 2006. Tunica County states that Tetra Tech submitted a change order request on November 25, 2003, and notes that the letter accompanying the request acknowledges that Tetra Tech petitioned WPA for a change request over a year prior to the November 25 letter. They use this to support the proposition that WPA and Tetra Tech were aware of a claim for additional payment prior to November 2002. Article 9.3 of WPA's contract with Tunica County states that "causes of action . . . pertaining to acts or failures to act shall be deemed to accrue and the applicable statutes of limitations shall commence to run not later than either the date of substantial completion for acts or failures occurring prior to substantial completion or the date of the issuance of the final Certificate for Payment for acts or failures occurring after substantial completion. In no event shall the statute of limitations commence to run any later than the date when the Architect's services are substantially completed." WPA avers that work was still being performed in August 2004, making the contract executory in nature, so the cause of action could not have accrued before that time. The certificate of substantial completion issued on January 8, 2004. According to WPA, the failure to act occurred after the date of substantial completion which, under Article 9.3, would mean that the cause of action should have accrued on January 23, 2004, the date of the issuance of the final Certificate for Payment.

Tunica County asserts that Mississippi Code Ann. § 15-1-5 prohibits altering the statute of limitations via contractual provisions. Tunica County is correct; however, the contractual provision before the court does not alter the statute of limitations. Rather, it enunciates provisions for the accrual of a cause of action which would be subject to the statute of limitations.

5

A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. *Bullard v. Guardian Life Ins. Co. of America*, 941 So.2d 812, 815 (Miss. 2006). Under the terms of the contract, it appears that the parties have agreed to the latest possible times for accrual of actions. Despite debate about the accrual date of the cause of action, all parties do acknowledge that the work was still being performed in August 2004. Therefore, the accrual date under the terms of the contract for this cause of action was January 23, 2004. WPA filed suit on December 13, 2006; hence, plaintiff's claim is not barred by the three year statute of limitations.

Tunica County contends that WPA is not entitled to recover under Mississippi law because it did not obtain a written change order from Tunica County. As previously stated, Tennessee law is applicable in this dispute. The Tennessee Court of Appeals has stated that provisions in contracts requiring written change orders are valid and binding; however, those provisions can be waived or abrogated by the parties like any other contractual provision. *Moore Construction Co., Inc. v. Clarksville Dept. of Elec.*, 707 S.W. 2d 1, 12 (Tenn. Ct. App. 1985). The waiver of a written change order requirement by an owner is not always required to be in writing, but may be the result of the parties' conduct on the job. *Id*. at 13. Thus, it is not uncommon for courts to find that an owner has waived a written notice requirement in cases where extra work has been ordered verbally by the owner or extra work has been performed with the owner's knowledge and without its objection. *Id*.

In this case, Tunica County does not deny that it ordered an increase in the scope of the project. In its rebuttal brief in support of its motion to dismiss, the County says, " It goes without saying that the increase referred to at the February 7, 2002 meeting pertained to the

6

overall project budget *including construction*. (emphasis in original). Any alleged representation that Tunica would pay for additional expenses were made to the contractor." In light of Tennessee's recognition of waiver of written notice requirements for change orders and Tunica County's acknowledgment that it requested an increase in the scope of the project, Tunica County's argument that WPA is not entitled to relief based on its failure to obtain a written change order must fail.

Tunica County attacks WPA's claims for equitable estoppel, maintaning that WPA and Tetra Tech intentionally hid its claims for increased costs from Tunica County. The doctrine of equitable estoppel is generally not favored under Tennessee law, and in order to invoke the doctrine of equitable estoppel a party must show: 1) lack of knowledge and of the means of knowledge of the truth to the facts in question; 2) reliance upon the conduct of the party who is estopped; and 3) action by the invoking party based thereon of such a character as to change that party's position prejudicially. *Sexton v. Sevier County*, 948 S.W. 2d 747, 750-51 (Tenn. Ct. App. 1997).

WPA alleges that Tunica County falsely represented that it would accept the increase in the cost of the project and was without knowledge that Tunica County would fail to pay the increase in cost, that it continued work on the project based on Tunica County's acknowledgment of the increase in cost, and that it completed the required additional services to its detriment and prejudice. Tunica County's response to this claim focuses very narrowly on Tetra Tech and asserts that it is unreasonable for Tetra Tech to rely on any assertion made at the February 7, 2002, meeting for the proposition that Tunica County would make any payments to Tetra Tech.

Tunica County also states that it did not have any knowledge of the facts regarding the change order until September 2003.

This argument is not convincing. Tunica County has admitted its understanding that there would be an increase in the cost and scope of its project. While still attempting to frame this suit as one brought by Tetra Tech, Tunica County's arguments ignore its obligations pursuant to its contract with WPA nor does it ever aver that it did not represent to Tunica County that payment would be made for additional expenses. Tunica County's motion to dismiss WPA's equitable estoppel claim must fail.

Finally, Tunica County maintains that the claims against the individual board members in their official capacities must be dismissed because the county entered into the contract as the Tunica County Board of Supervisors.[1] Chairman James Dunn signed on behalf of the board, but other members did not sign the contract with WPA. Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 544, 106 S.Ct. 1326, 1332, 89 L.Ed.2d. 501 (1986) (*citing Monell v. New York City Dept. Of Social Services*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978)). As long as the government entity receives notice and an opportunity to respond, the official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id*. It is not a suit against the official personally, as the real party in interest is the entity. *Id.* Such is the case in this matter, and the suit against the individual board members in their official capacities is proper.

---

[1]The board members have not been sued in their personal capacities.

This court has no need to address any privity of contract issued raised by Tunica County since the court has clarified that WPA is suing Tunica County based on a contract it actually entered into with the county. WPA has conceded any claims of recovery based on quantum meruit. The defendant's motion to dismiss is DENIED.

This the 28th day of September, 2007.

                                            /s/ Michael P. Mills
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**