IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| WILLIAMSON POUNDERS ARCHITECTS, P.C. | PLAINTIFF |
| V. | CASE NO. 2:06CV206 |
| TUNICA COUNTY, MISSISSIPPI, ITS BOARD OF SUPERVISORS AND ITS BOARD MEMBERS, JAMES DUNN, CEDRIC BURNETT, PAUL BATTLE, III CURTIS JACKSON, AND BILLY PEGRAM | DEFENDANTS |

## ORDER

This cause comes before the court on the motion [88] of the defendants (hereinafter "Tunica County") for summary judgment.

On May 15, 2001, Tunica County entered into a contract with Williamson Pounders Architects ("WPA") to design the Tunica County River Front Park. On May 25, 2001, WPA entered contract with PDR Engineers, Inc., a Tetra Tech Company ("Tetra Tech").

On February 7, 2002, WPA and Tetra Tech met with county representatives. During that meeting County Administrator Kenneth Murphree requested changes that resulted in an increase in the scope and complexity of the project. The overall budget increased from $18 million to $24 million. On November 25, 2003, Tetra Tech submitted a change order request for additional services to WPA. In May 2004, Tetra Tech, WPA, and Tunica County held a meeting regarding the change order request. WPA contends that Tunica County acknowledged the amount owed and requested more information detailing the request. Tunica County denies further amounts are owed to Tetra Tech or WPA. Tetra Tech mailed Tunica County a letter outlining the increases in the project on June 3, 2004. On January 12, 2005, WPA sent a letter to Tunica County requesting payment of the change order. The instant suit was filed December 13, 2006 seeking

fees in the amount of $203,195.00.

On January 19, 2007, Tunica County filed a motion to dismiss for failure to state a claim upon which relief may be granted. This court denied that motion on September 28, 2007. Tunica County then filed a motion to reconsider that decision. On July 21, 2008, the court granted that motion in part. WPA then filed a motion to reconsider that decision. The court denied that motion on October 29, 2008. These previous rulings left Tunica County liable only for work done after October 2003. Tunica county subsequently filed the instant motion.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Exhibits A, B, and C submitted with the defendants' motion for summary judgment show that at least $156,500 of the work in dispute was performed prior to July 23, 2003. Based on the court's prior rulings this amount is unrecoverable.

It is unclear from the evidence submitted what if any additional amount of work was performed between July and October 2003. WPA has submitted some evidence that work was

being performed after October 2003. This evidence is supported only by the self-serving statement of Frank B. Gianotti, III. "Unsubstantiated assertions are not competent summary judgment evidence." *Hugh Symons Group, PLC v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-34 (1986); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). As such, self-serving affidavits employed to create questions of material fact should be carefully scrutinized by courts. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). The court having looked closely at the available evidence will accept Gianotti's version of events for the purposes of this order. The court believes there likely exists some neutral documentary evidence to show whether work continued after October 2003. Neither party has submitted that evidence. As such the court has no logical recourse except to accept Gianotti's claim. This leaves a material question of fact as to whether WPA performed any part of the remaining $46,695 worth of work after October 2003.

Based on these findings the court grants Tunica County's motion in part. WPA can only recover for work performed after October 2003 and that recovery is capped at $46,695. All other requests for relief are dismissed.

Tunica County's motion for summary judgment is GRANTED IN PART and DENIED IN PART.

This the 20th day of November, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**